THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

AGUSTIN MORALES-RIVERA

    Petitioner,

v.

UNITED STATES OF AMERICA

    Respondent.

CIVIL NO. 97-2183 (RLA)
Criminal No. 91-299 (RLA)

### ORDER DISMISSING PETITION AS UNTIMELY FILED

Pursuant to the opinion of the United States Court of Appeals for the First Circuit in <u>Agustín Morales-Rivera v. United States</u>, No. 98-2073, <u>slip op.</u> (1st Cir. August 25, 1999) we ordered the U.S. Government to file a response to MORALES-RIVERA's allegation that he placed his 28 U.S.C. § 2255 petition "first-class postage prepaid in the institution internal mail system before the last day of filing."

Having reviewed the United States' response as well as petitioner's reply thereto[1] the Court finds that petitioner is not entitled to the <u>Houston v. Lack</u>[2] exception to the filed-upon-receipt rule because he did not "do[] all that he... c[ould] reasonably do to ensure that the documents [we]re received by the clerk of the cour in a timely manner." <u>Thomson v. Raspberry</u>, 993 F.2d 513, 514 (5' Cir. 1993). Failure to stamp or **properly address** outgoing mail or t follow reasonable prison regulations governing prisoner mail does nc constitute compliance with this standard. <u>Id.</u>, at 515 (emphasi added).

In the case before us, MORALES-RIVERA alleges that he placed h

---

[1] <u>See</u> the United States' Motion in Compliance with Order (dock No. 26) and Petitioner's Objections to Government's Motion Compliance with Order (docket No. 30).

[2] 487 U.S. 266, 108 S.Ct. 2379 (1988).

AO 72
(Rev 8/82)

petition in the institutional mail system "before the last day of filing". We assume, therefore, that MORALES-RIVERA was aware of the April 24, 1997, deadline imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Public Law 104-132, which became effective on April 24, 1996.

MORALES-RIVERA however, did not address his petition properly. He failed to fill in the complete postal zip code number, reason for which the Post Office returned his package for insufficient address. However, upon receipt of the returned correspondence, petitioner did not expeditiously re-mail his petition cognizant that he was facing a statutorily-imposed time limitation. Instead, he delayed re-sending it for an additional three months, obviously not diligently nor responsibly "ensur[ing] that the documents were received by the clerk of court in a timely manner".

We find that Mr. MORALES-RIVERA did not do "all he could under the circumstances" to ensure that his petition, which was running against a time limitation, was timely filed. Cf., Fallen v. United States, 378 U.S. 139, 144 (1964). We therefore hereby dismiss the same as untimely.

Accordingly, AGUSTIN MORALES-RIVERA's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is hereby dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of August, 2001.

RAYMOND L. ACOSTA
United States District Judge